UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDKINS,

    Plaintiff,                              Case No. 13-CV-11364

vs.                                         HON. MARK A. GOLDSMITH

RICHARD T. HIGHAM
and RACHEL ESTERLY,

    Defendants.
_____/

**OPINION AND ORDER (1) WITHDRAWING THE ORDER OF REFERENCE (DKT. 30), (2) GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 26), (3) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE (DKT. 36), (4) OVERRULING AS MOOT PLAINTIFF'S OBJECTION TO THE ORDER REGARDING APPOINTMENT OF COUNSEL (DKT. 15), and (5) DISMISSING THE CASE WITHOUT PREJUDICE**

In this prisoner civil rights case, Plaintiff Charles Edkins, proceeding pro se, asserts that Defendants Richard T. Higham, the chief dental officer at the Federal Correctional Institution (FCI) in Elkton, Ohio, and Rachel Esterly, the dental hygienist at the FCI, were deliberately indifferent to Plaintiff's serious dental needs in violation of his Eighth Amendment rights. The Court withdraws the notice of reference to Magistrate Judge Mona K. Majzoub (Dkt. 30). Pending on the docket is Defendants' motion to dismiss (Dkt. 26); Defendants point to several asserted grounds for dismissal, including an asserted lack of personal jurisdiction. For the reasons that follow, the Court grants the motion to dismiss and dismisses the case without prejudice for lack of personal jurisdiction over Defendants under Federal Rule of Civil Procedure 12(b)(2).[1]

---

[1] Because the Court grants Defendants' motion on the ground of lack of personal jurisdiction, the Court need not reach the other claimed grounds for dismissal raised by Defendants, which

Under Rule 12(b)(2), a party may move for dismissal due to lack of personal jurisdiction. In a damages action against federal officials in their individual capacity, such as the instant case, the normal requirements for exercise of personal jurisdiction apply. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988).  Plaintiff has the burden of establishing that the Court has personal jurisdiction over Defendants. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).  "[P]ersonal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002) (citations omitted).   Further, personal jurisdiction may be either "general," "which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant," or "specific," "which exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 149 (6th Cir. 1997) (citations and quotation marks omitted).

The Court concludes that Plaintiff has not shown that the Court may exercise either general or specific personal jurisdiction over Defendants.  It is undisputed that both Defendants reside in, and work in Ohio, and were served with the complaint in Ohio. See Compl. (Dkt. 1) (listing addresses of Defendants as Ohio addresses); Receipt of Service of Process (Dkt. 21). Therefore, Plaintiff has not demonstrated the existence of general jurisdiction. See Mich. Comp.

---

include assertions of improper venue, expiration of the statute of limitations, lack of exhaustion of administrative remedies, and qualified immunity.  The Court also notes that Defendants seek an order of dismissal with prejudice.  See Def. Br. at 1.  However, it is established that "dismissal . . . for lack of personal jurisdiction must be without prejudice." Fiorani v. Berenzweig, 441 F. App'x 540, 541 (9th Cir. 2011) (citations omitted).  Accordingly, the Court will dismiss this case without prejudice.

Laws § 600.701 (providing that presence or domicile in the state at time of service of process is sufficient to enable courts to exercise general personal jurisdiction). Further, Plaintiff has not pled or shown any enumerated element of Michigan's long-arm statute that would confer specific personal jurisdiction over Defendants. See Mich. Comp. Laws § 600.705 (listing elements sufficient to confer limited or specific personal jurisdiction over a defendant, including transaction of business within a state).

Moreover, Plaintiff has not argued, or pled facts showing, that the Court's exercise of personal jurisdiction over Defendants would comport with due process. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citation and quotation marks omitted). A defendant must have minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316–19 (1945). Further, for personal jurisdiction to be proper, "there [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State," Hanson v. Denckla, 357 U.S. 235, 253 (1958), such that the defendant "should reasonably anticipate being haled into court" in the forum State. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In this case, Plaintiff has failed to plead any facts whatsoever to show that Defendants have any minimum contacts with the State of Michigan or otherwise establish this Court's personal jurisdiction over Defendants, who reside in Ohio and whose challenged actions occurred within the State of Ohio. The Court, therefore, concludes that it lacks personal jurisdiction over the named Defendants.

In his briefs, Plaintiff repeatedly argues that the individual Defendants – who are the only

remaining parties named as Defendants in this action – are "pendent" parties; that Plaintiff has effectively named the United States of America as a Defendant; that the initial complaint Plaintiff mailed to the Clerk's Office, which was apparently not successfully delivered, listed the United States as a Defendant; that this case arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.; and that Plaintiff mistakenly omitted to include the United States as a Defendant in the second complaint he submitted to the Clerk's Office, which initiated the instant case.  See, e.g., Pl. Resp. at 8-11, 32 of 50 (CM/ECF pagination) (Dkt. 32); Pl. Sur-Reply at 2 of 6 (Dkt. 34).

Plaintiff's arguments, however, are unavailing.  Regardless of what circumstances or mistakes led Plaintiff to omit the United States as a Defendant on his complaint, the undisputed fact is that only Higham and Esterly – two individuals – are party Defendants in this matter; the United States is not.[2]  In addition, Plaintiff has not filed a motion to amend his complaint; indeed, Plaintiff argues that because he "has always documented that the USA is the Defendant, [this] negat[es] any noted need to file a Motion seeking leave to file an amended Complaint."  Pl. Sur-reply at 3 of 6.  The Court disagrees.  Because the United States was not named as a Defendant in the original complaint, and because there has been no motion to amend the complaint to add any additional Defendants, the only Defendants in this matter are Higham and

---

[2] The Court also notes that Plaintiff seems to argue that because his complaint asserted an FTCA claim, that should have been sufficient to put the Court and Defendants on notice that the United States was a party.  The Court rejects this argument, which seems to assume that the Court should sua sponte modify the complaint or add parties in this action to correct Plaintiff's alleged mistaken omissions.  "The Court has a duty to construe a pro se plaintiff's pleadings liberally, but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff."  Welch v. Ikon Office Solution, Inc., No. 12-13417, 2012 WL 3853456, at *1 (E.D. Mich. Sept. 5, 2012) (citations omitted).

Esterly, two individuals. Thus, Plaintiff's arguments lack merit.[3]

For these reasons, the Court grants Defendants' motion to dismiss and dismisses the case without prejudice for lack of personal jurisdiction.[4]

---

[3] Plaintiff did file a document (Dkt. 13), titled as an amended complaint, that omitted his previously-asserted Eighth Amendment claim and raised claims of illegal detention and denial of property rights against the United States and various other parties. Subsequently, Magistrate Judge Mark A. Randon ordered Plaintiff to show cause why the purported amended complaint should not be stricken from this docket and refiled as a new case (Dkt. 18). In response, Plaintiff agreed that the amended complaint was actually meant to be a complaint in a new case (Dkt. 19). Accordingly, the Magistrate Judge issued a Report and Recommendation (R&R) (Dkt. 20) recommending that the amended complaint be stricken and refiled as a new case; no objections were filed, and the Court entered an Order (Dkt. 22) accepting the recommendation in the R&R, striking the amended complaint, and directing the Clerk's Office to file the amended complaint as a new case. The amended complaint was filed as Edkins v. United States, case number 4:13-cv-14421-MAG-PJK.

Nor does the letter from Plaintiff that purports to "resubmit the original Summons and Motion" to the Court, and that lists the United States as a Defendant, constitute a proper amended complaint. See Dkt. 11 (filed on May 30, 2013). As explained above, Plaintiff has not sought leave from the Court to file an amended complaint, see Fed. R. Civ. P. 15(a)(2) (requiring a party to seek leave to amend if the deadline for amending as a matter of course has passed), and the letter he submitted is not titled or referred to as an amended complaint. Plaintiff's reference to this letter does not change the fact that the United States simply is not a Defendant in this action.

[4] Because the case is dismissed, the Court denies as moot Defendants' pending motion to strike Plaintiff's sur-reply briefs (Dkt. 36). Further, the Court overrules as moot Plaintiff's objection (Dkt. 15) to the Magistrate Judge's order on the motion to appoint counsel. In this objection, Plaintiff first asserts that the Court should "correct" the filed date of this case to November 18, 2012, apparently because of a concern regarding the statute of limitations governing Plaintiff's claim. See Obj. at 2-3 of 14. However, because the case is dismissed for lack of personal jurisdiction, the issue of whether Plaintiff's claim is also subject to dismissal on statute of limitation grounds is presently moot; accordingly, the Court overrules without prejudice Plaintiff's objection regarding the statute of limitations.

Plaintiff also objects to the Magistrate Judge's denial without prejudice of the motion for appointment of counsel. However, the only arguments Plaintiff raises as to why he should be afforded counsel is that (i) his factual claims of periodontal disease are very complex, and he will need expert witness assistance, and (ii) Plaintiff may need to be called as a witness. See Obj. at 3-4 of 14. However, because the case is dismissed, both of these objections are presently moot. Finally, the Court has reviewed the Magistrate Judge's order (Dkt. 12) and concludes that Plaintiff has not shown the order was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, the Court overrules without prejudice Plaintiff's objection.

SO ORDERED.

Dated: July 23, 2014  s/Mark A. Goldsmith
     Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager